UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    Case No. 6:09-cr-60061-AA

         Plaintiff,                              OPINION AND ORDER

    v.

RODNEY MEAD PELLING,

         Defendant.

---

AIKEN, Chief Judge:

On June 16, 2010, defendant pled guilty to the production of child pornography in violation of 18 U.S.C. § 2251. Defendant subsequently was sentenced to a 300-month term of imprisonment and a life term of supervised release. Defendant, appearing pro se, now moves to vacate, set aside, or correct his sentence on various grounds pursuant to 28 U.S.C. § 2255. Defendant's motion (doc. 118) is denied.

1    - OPINION AND ORDER

## A. Exclusion of Expert Testimony

Defendant's first claim challenges the court's exclusion of expert testimony that defendant sought to introduce at trial. However, defendant directly appealed the court's ruling to the Ninth Circuit, and the decision was affirmed. The government is correct that a defendant cannot re-litigate a claim in a § 2255 motion if that claim was raised and rejected on direct appeal. United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as a basis for a subsequent § 2255 petition."). Moreover, as the court found previously, such expert testimony was irrelevant and inadmissible.

## B. Knowing and Voluntary Guilty Plea

Defendant's second claim and possibly his third claim appear to challenge the voluntariness of his guilty plea, in part because of medications he was taking at the time.

Entry of a guilty plea must be voluntary, knowing and intelligent, "done with sufficient awareness of the relevant circumstances and likely consequences." Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). Here, the record belies defendant's argument that his plea was not knowing or voluntary.

2    - OPINION AND ORDER

First, at the plea hearing, the court asked if defendant was "under the influence of drugs or alcohol at this time." Defendant replied, "I am not, Your Honor." Transcript of Proceedings (Tr.) 9 (June 16, 2010); see also Plea Petition at 2. The court also asked defendant if he was "suffering from any injury, illness, or disability that would affect your ability to think or reason?" and defendant replied, "No, Your Honor." Tr. 10. When asked if he had taken "any medications in the last seven days," defendant responded that he had taken bromocriptine and Lipitor, and that neither medication affected his ability to think or reason. Tr. 10-11. Based on these responses, the court found defendant competent to proceed, and counsel for both defendant and the government agreed. Tr. 12.

Second, defendant signed a petition stating that he knowingly waived his right to jury trial. Plea Petition at 2-3. Further, during the plea hearing, the court confirmed that defendant understood the nature and consequences of his plea, the applicable mandatory minimum and maximum sentences, and that he had discussed these issues with his attorney. Tr. 5, 8-9, 12-22. Defendant further answered "Yes, Your Honor" when asked if he made his plea "freely and voluntarily" and whether he understood the "terms that settle this case." Tr. 26. Both defense counsel and defendant confirmed that he understood the nature of plea and the resulting

3   - OPINION AND ORDER

consequences, and counsel for the government was satisfied that
defendant knowingly and voluntarily entered his plea. Tr. 45-46.
Defendant presents no evidence that he was unable to appreciate the
consequences of his decision or that counsel should have contested
his competency. Stanley v. Cullen, 633 F.3d 852, 862-63 (9th Cir.
2011).

Finally, to the extent defendant contests the factual basis of
his plea, including any element of interstate commerce, defendant's
plea petition stated the elements of the offense to which defendant
pled guilty:

> On or between April 9 2007 and June 21 2007 in the
> District of Oregon I knowingly had my daughter NP who was
> under the age of 18 pose for digital photographs for the
> purpose of producing visual depictions of sexually
> explicit conduct and at least one photograph I made of NP
> was of sexually explicit conduct and the camera I used
> had been shipped or transported in interstate or foreign
> commerce.

See Plea Petition at 5-6; see also Plea Agreement at 5-6, ¶ 18.

Further, defendant's plea agreement provides as follows:

> I FREELY AND VOLUNTARILY ACCEPT THE TERMS AND CONDITIONS
> OF THIS PLEA OFFER, AFTER FIRST REVIEWING AND DISCUSSING
> EACH PART OF IT WITH MY ATTORNEY. I AM SATISFIED WITH THE
> LEGAL ASSISTANCE PROVIDED TO ME BY MY ATTORNEY. I WISH TO
> PLEAD GUILTY BECAUSE I AM GUILTY.

Plea Agreement at 7. Defendant also stated that he understood and
agreed to the factual basis of the plea, as recited at his plea
proceeding. Tr. 39-42, 43-45.

4   - OPINION AND ORDER

In sum, the record reflects that defendant knowingly and voluntarily pled guilty to the offense of conviction, including the factual basis for such conviction.

C. Ineffective Assistance of Trial Counsel

Finally, in his third and fourth claims, defendant maintains that his trial counsel was ineffective. Defendant's arguments are without merit.

To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. In the context of plea proceedings, the defendant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have pled guilty. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); Donagiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).

Defendant presents no evidence to suggest that counsel was deficient or that he would not have pled guilty but for counsel's advice. Therefore, defendant fails to establish ineffective assistance of counsel.

5   - OPINION AND ORDER

CONCLUSION

Defendant's Motion to Vacate his conviction and sentence under 28 U.S.C. § 2255 (doc. 118) is DENIED.

IT IS SO ORDERED.

Dated this ___2___ day of October, 2013.

_____
Ann Aiken
United States District Judge